IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 17, 2017

**RANDALL TURNER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hamilton County**
**No. 236894, 278379          Don W. Poole, Judge**

_____

**No. E2016-01969-CCA-R3-PC**

_____

The Petitioner, Randall Turner, filed a motion to reopen his post-conviction petition in which he challenged his guilty pleas to first degree murder, aggravated kidnapping, and two counts of aggravated robbery and his effective sentence of life imprisonment without the possibility of parole. The post-conviction court denied the motion, and the Petitioner subsequently filed two motions to rehear, both of which the post-conviction court denied. The Petitioner filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Upon reviewing the record and the applicable law, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Randall Turner, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**PROCEDURAL HISTORY**

In 2001, the Petitioner pled guilty to first degree murder, aggravated kidnapping, and two counts of aggravated robbery and received an effective sentence of life imprisonment without the possibility of parole. In June 2001, the Petitioner filed a pro se petition for post-conviction relief. Following the appointment of counsel and the filing of

an amended petition, the Petitioner filed a motion to dismiss his petition, asserting that he no longer wished to pursue post-conviction relief. On February 6, 2003, the post-conviction court dismissed the petition.

In 2010, the Petitioner filed a pro se "Motion to Vacate Convictions," which the trial court denied. On appeal, this court considered the motion as a post-conviction relief petition and held that the petition was untimely. *See Randall Turner v. State*, No. E2011-00110-CCA-R3-PC, 2011 WL 2416927, at *1-2 (Tenn. Crim. App. June 13, 2011). The Petitioner then filed a petition for writ of habeas corpus, which the habeas corpus court denied, and this court affirmed the habeas corpus court's judgment on appeal. *See Randall Turner v. Bruce Westbrooks, Warden*, No. E2012-00093-CCA-R3-HC, 2012 WL 5258266, at *1 (Tenn. Crim. App. Oct. 24, 2012).

In December 2012, the Petitioner filed a "Petition" in which he alleged that he was actually innocent of the offenses and that he was coerced into pleading guilty as a result of trial counsel's conspiring with state officials. *Randall Turner v. State*, No. E2013-01515-CCA-R3-PC, 2014 WL 1018213, at *1 (Tenn. Crim. App. Mar. 17, 2014). He also sought recusal of the judge presiding over the post-conviction court. *Id.* The post-conviction court entered an order denying the recusal request and dismissing the petition. *Id.* The Petitioner filed multiple other pleadings, including a motion to reconsider. *Id.* The post-conviction court filed a subsequent order considering the Petitioner's pleadings as petitions for post-conviction relief and denied the petitions as untimely. *Id.* at *2. On appeal, this court affirmed the dismissal of the petitions, concluding that the post-conviction petitions, which contained substantially the same issues as the 2010 petition, were untimely. *Id.*

The Petitioner subsequently filed a post-conviction petition in which he sought DNA testing of evidence pursuant to the Post-Conviction DNA Analysis Act of 2001. *Randall Turner v. State*, No. E2013-01565-CCA-R3-PC, 2014 WL 1369903, at *1 (Tenn. Crim. App. Apr. 7, 2014). The post-conviction denied the petition, and this court affirmed the post-conviction court's judgment on appeal. *Id.*

On June 1, 2016, the Petitioner filed a "Motion to Re-Open Post-Conviction Petition to Correct Manifest Injustice." The Petitioner argued that trial counsel, the State, and the trial court conspired to compel his guilty pleas by postponing decisions on his motion to suppress evidence and his motion to dismiss and that the pleas resulted in a sentence that violated the Eighth Amendment of the United States Constitution. The Petitioner also argued that he was effectively deprived of counsel due to trial counsel's failure to inform the trial court that the Petitioner filed a malpractice action against trial counsel. On June 6, 2016, the post-conviction court entered an order in which it considered the Petitioner's motion as a post-conviction relief petition and denied the

petition as untimely. The post-conviction court stated that the Petitioner had thirty days from the entry of the order to file a notice of appeal.

On July 26, 2016, the Petitioner filed a "Motion to Reconsider" in which he repeated his claims filed in his previously filed motion. He also sought to revoke his 2003 waiver of post-conviction claims. He stated that the motion to reconsider was untimely because the trial court clerk failed to forward the post-conviction court's order to him and requested that the trial court clerk be found in contempt. The Petitioner maintained that he did not receive the post-conviction court's order until July 18, 2016. On August 3, 2016, the post-conviction court entered an order denying the Petitioner's motion to hold the trial court clerk in contempt. The post-conviction court treated the motion to reconsider as a motion to revoke the waiver of post-conviction proceedings and denied the motion.

The Petitioner filed another "Motion to Reconsider" in which he challenged the constitutionality of the one-year statute of limitations for post-conviction petitions. He also requested that the trial court appoint a mental health professional to evaluate him. On September 12, 2016, the trial court denied the Petitioner's motion to reconsider. On September 27, 2016, the Petitioner filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure in which he stated that he was appealing the trial court's "September 13, 2016" order.

## ANALYSIS

On appeal, the Petitioner contends that (1) trial counsel, the State, and the trial court employed a method to compel his guilty plea that resulted in a sentence that violated the Eighth Amendment of the United States Constitution; (2) he was effectively deprived of counsel due to trial counsel's failure to inform the trial court that the Petitioner filed a malpractice action against trial counsel; (3) the one-year statute of limitations for filing a post-conviction petition is unconstitutional; and (4) the post-conviction judge should have recused himself from entertaining the motion to reopen.

According to the Petitioner's notice of appeal, he is appealing the trial court's order from September 13, 2016. We note that the trial court denied the Petitioner's motion to reconsider on September 12, 2016. To the extent that the Petitioner is appealing the denial of his motion to reconsider, we have held that a petitioner does not have an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(b) from the denial of a motion to reconsider relief. *John Ivory v. State*, No. W2015-00636-CCA-R3-PC, 2015 WL 6873474, at *2 (Tenn. Crim. App. Nov. 9, 2015).

We note that the Petitioner filed a motion to reopen his post-conviction petition but that the post-conviction court considered the motion as an original petition for post-conviction relief. Accordingly, we will consider the Petitioner's pleading as both a motion to reopen and a post-conviction relief petition in determining whether we have jurisdiction to decide the issues raised on appeal.

## A. Motion to Reopen

To the extent that the Petitioner seeks relief from the denial of his motion to reopen his post-conviction petition, we recognize that a petitioner likewise does not have an appeal as of right from a post-conviction court's denial of a motion to reopen a post-conviction petition under Tennessee Rule of Appellate Procedure 3(b). *See Matthew Dixon v. State*, No. W2015-00130-CCA-R3-PC, 2015 WL 6166604, at *5 (Tenn. Crim. App. Oct. 21, 2015). Rather, a petitioner has thirty days to file an application for permission to appeal in this court, attaching copies of all documents filed by the parties and the post-conviction court's order. T.C.A. § 40-30-117(c). When a petitioner fails to follow the statutory requirements for seeking review of a denial of a motion to reopen, this court is without jurisdiction to consider the appeal. *Matthew Dixon*, 2015 WL 6166604, at *5 (citing *Mario Gates v. State*, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App. Dec. 31, 2003); *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at *1 (Tenn. Crim. App. Mar. 23, 2000)).

The Petitioner, however, failed to file an application for permission to appeal in this court. Rather, the Petitioner filed a motion to reconsider in the post-conviction court. Neither Tennessee Code Annotated section 40-30-117 nor Tennessee Supreme Court Rule 28, section 10(B) provide that the thirty-day time period for filing an application for permission to appeal in this court may be tolled by the filing of a motion to reconsider. The Petitioner eventually filed a notice of appeal. While a notice of appeal may be construed as an application for permission to appeal, it must "contain sufficient substance that it may be effectively treated as an application for permission to appeal," including "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appellate court should grant review." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). The Petitioner's notice of appeal was not filed within thirty days of entry of the post-conviction court's order denying the motion and did not include sufficient substance to be treated as an application for permission to appeal. The notice did not state the issues for review or the reasons to support the Petitioner's claim for relief, and the Petitioner did not attach the required documents to the filing. Accordingly, the Petitioner failed to properly seek review of the post-conviction court's denial of the motion to reopen, and we lack jurisdiction to review the appeal of the motion to reopen the post-conviction petition.

## B. Petition for Post-Conviction Relief

The post-conviction court, however, treated the Petitioner's motion as an original petition for post-conviction relief. Even if we were to treat the Petitioner's motion as a petition for post-conviction relief, we would still be required to dismiss the appeal. The Petitioner stated in pleadings filed in the post-conviction court that he did not receive the court's June 6, 2016 order until July 18. Rather than file a notice of appeal upon receiving the order, the Petitioner filed multiple motions to reconsider. This court has recognized that "a motion to reconsider does not toll the thirty-day filing period for an appeal from an order denying post-conviction relief." *John Ivory*, 2015 WL 6873474, at *2 (citing *Michael Joe Boyd v. State*, No. W1999-01981-CCA-R3-PC, 1999 WL 33261797, at *6 (Dec. 21, 1999); *Sherman McDowell v. State*, No. 62, 1991 WL 139727, at *2 (Tenn. Crim. App. July 31, 1991)). The Petitioner did not file a notice of appeal until September 27, 2016, more than three months after the post-conviction court entered its order denying post-conviction relief.

Tennessee Rule of Appellate Procedure 4(a) provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." "'In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors present in the particular case.'" *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.* (citing *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)).

The Petitioner has not explained why he waited more than three months after entry of the post-conviction court's order before filing a notice of appeal or how waiving the thirty-day deadline serves the interest of justice. The Petitioner has sought post-conviction relief on multiple occasions, and this court has held that the petitions were untimely filed and that the post-conviction court properly dismissed the petitions. *See Randall Turner*, 2011 WL 2416927, at * 1-2; *Randall Turner*, 2014 WL 1018213, at *1-2. We conclude that the interest of justice does not require waiving the untimely filing of the Petitioner's notice of appeal from the post-conviction court's dismissal of the Petitioner's claims a petition for post-conviction relief.

## CONCLUSION

Based on the foregoing, we dismiss the appeal.

_____

JOHN EVERETT WILLIAMS, JUDGE